# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARY P. FERRELL,**

        Plaintiff,

v.                                                                      Civil Action No. 1:08cv220
                                                                          (Judge Keeley)

**JOSEPH CICCHIRILLO, Commissioner**
**Dept. of Transportation - Division of**
**Motor Vehicles**

        Defendant.

## REPORT AND RECOMMENDATION

### I. Procedural History

On December 17, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant. On December 31, 2008, the plaintiff filed a motion for leave to proceed as a pauper and a motion to appoint counsel. On January 7, 2009, the defendant filed a Motion to Dismiss. Subsequently, on January 15, 2009, the plaintiff paid the entire $350.00 filing fee. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, <u>et</u> <u>seq</u>.

### II. Standards of Review

**A. Preliminary Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**B. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### III. Contentions of the Parties

**A. The Complaint**

In the complaint, the plaintiff asserts a claim of double jeopardy. In support of that claim,

---

[1] Id. at 327.

the plaintiff states that although his "charges were dismissed in a lower court[,] then DMV[,] by Mr. Cicchirillo's actions[,] caused injury to [him]." Moreover, the plaintiff asserts that he is currently incarcerated. The plaintiff further asserts that "the charges" relate to the revocation of his driver's license and complains that the defendant "took the word" of a police officer who refused to give him a blood test.

Attached to the plaintiff's complaint are several documents which purportedly show how the plaintiff was damaged by the defendant's actions. From those documents, it appears that the plaintiff was charged with Driving Under the Influence by the State of West Virginia. However, the plaintiff was either found not guilty of the charges, or the charges were dropped, that fact is not clear from the complaint. Regardless, the Department of Motor Vehicles ("DMV") still revoked the plaintiff's driver's license.

Sometime thereafter, the plaintiff was charged with Driving While License Suspended for DUI, and was found guilty of that charge by a jury, as well as for the offense of No Seatbelt. As a result of his conviction, the petitioner was sentenced to six months imprisonment, court costs and various fines and fees.

**B.   The Defendant's Motion to Dismiss**

In his motion to dismiss, the defendant contends that the plaintiff is alleging that "he was subjected to double jeopardy because the Division of Motor Vehicles revoked his driver's license (even though the Plaintiff was not convicted criminally on the same facts that led to his revocation); and because he was subsequently arrested for and convicted of Driving While License Suspended or Revoked for DUI." Motion (dckt. 10) at 1. In addition, the defendant contends that the plaintiff's claim arises under 42 U.S.C. § 1983 because he alleges that his federal constitutional rights were

violated by a state actor. Id. at 3. However, the defendant contends that the plaintiff has failed to state a claim upon which relief may be granted and requests the dismissal of this case for that reason. Id. at 1, 9.

In support of his motion, the defendant provides the Court with the following procedural background:

> Plaintiff was arrested for driving under the influence of alcohol (hereinafter, "DUI") and for refusing to submit to the designated secondary chemical test in Wood County, West Virginia on August 12, 2005. The criminal charges relating to this arrest were dismissed on or about April 21, 2006.
>
> The administrative proceedings resulting from this arrest resulted in the revocation of Plaintiff's privilege to drive. By Final Order effective February 24, 2006, Defendant revoked Plaintiff's privilege to drive for six months for DUI and one year for refusal to submit to the secondary chemical test. Plaintiff appealed the Final Order to the Circuit Court of Calhoun County, West Virginia (Civil Action No. 06-P-4). By *Order Denying Petition for Judicial Review and Affirming the Administrative Order of Respondent Commissioner*, entered on June 26, 2006, said circuit court affirmed the Final Order of the Defendant. The circuit court's order was not appealed to the West Virginia Supreme Court of Appeals. Plaintiff has not, to date, fulfilled the requirements to reinstate his privilege to drive; his license has been continuously revoked since February 24, 2006.
>
> On July 24, 2007, Plaintiff was arrested in Wirt County, West Virginia for the offenses of Driving on a License Suspended or Revoked for DUI and for Failure to Wear a Seatbelt. Plaintiff was tried by jury and convicted in Wirt County for these offenses in Case No. 08-M-1. By *Order* entered October 20, 2008 by the Circuit Court of Wirt County, Plaintiff was sentenced to serve six months in the North Central Regional Jail, and to pay certain fines and costs. On December 19, 2008, Plaintiff, by counsel, filed a Petition for Appeal in relation to these convictions in the West Virginia Supreme Court of Appeals. That appeal is pending.

Motion (dckt. 10) at 2.

In addition, the defendant asserts that "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Id. at 3 (quoting Neitzke, 490 U.S. at 326). Here the defendant asserts that, in West Virginia, administrative license revocation proceedings are separate

and distinct from criminal proceedings for driving a motor vehicle under the influence of alcohol. Id. at 3-4 (quoting Carroll v. Stump, 217 W.Va. 748, 756-57, 619 S.E.2d. 261, 269-70 (2005)). Moreover, the State of West Virginia has found that the purpose of the State's administrative driver's license revocation proceedings is public safety, not criminal punishment. Id. at 4 (quoting Syl. Pt. 3, In re Petition of McKinney, 218 W.Va. 557, 558, 625 S.E.2d. 319, 320 (2005); Brewer v. Kimel, 256 F.3d 222 (4th Cir. 2001); United States v. Imngren, 98 F.3d 811 (4th Cir. 1996)).

Accordingly, the defendant asserts that the plaintiff cannot show the existence of a constitutional violation and his claim must be dismissed.

Alternately, the defendant asserts that the plaintiff's claim is barred by issue preclusion. In support of this claim, the defendant asserts that under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court is required to "give the same preclusive effect to a state-court judgment as another court of that State would give." Motion (dckt. 10) at 8 (quoting Exxon Mobil Corp. V. Saudi Basic Induct. Corp., 544 U.S. 280 293 (2005)). Thus, the defendant argues that plaintiff's claim is barred under principles of *res judicata* by the final order of the Circuit Court of Calhoun County affirming the DMV in revoking the plaintiff's driver's license. Id. at 8-9.

### IV. Analysis

The double jeopardy clause of the Fifth Amendment provides that no person shall be "subject for the same offense twice put in jeopardy of life or limb." The purpose of the double jeopardy clause is to protect individuals against the imposition of multiple punishments for the same crime. See Hudson v. United States, 522 U.S. 93, 99 (1997). The double jeopardy clause applies to the states. Benton v. Maryland, 395 U.S. 784, 794 (1969).

In Brewer v. Kimel, supra, the Fourth Circuit Court of Appeals determined that a driver's

5

license suspension does not inflict an affirmative disability, nor is such suspension generally considered punitive. Brewer, 256 F.3d at 228-29. The Court further found that the aim of an administrative license revocation was not punishment, but public safety, and the proceeding was a civil matter, not a criminal one. Id. at 228. Accordingly, the plaintiff's double jeopardy claim is foreclosed by the Fourth Circuit's decision in Brewer. Because the plaintiff cannot show that his constitutional rights were violated, this case should be dismissed.

Alternately, for the reasons given by the defendant, the plaintiff's claim is barred by the principles of *res judicata*.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss (dckt. 10) be **GRANTED** and the plaintiff's complaint (dckt. 1) be **DISMISSED** for the failure to state a claim upon which relief may be granted. In light of this recommendation, the undersigned further recommends that the plaintiff's motion to proceed *in forma pauperis* (dckt. 5), and motion to appoint counsel (dckt. 7), be **DENIED as moot**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: February 26, 2009.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE