IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARY P. FERRELL,**

            **Plaintiff,**

**v.**                              **Civil Action No. 1:08cv220**
                                        **(Judge Keeley)**
**JOSEPH CICCHIRILLO, Commissioner**
**Dept. Of Transportation - Division of**
**Motor Vehicles,**

            **Defendant.**


### ORDER ADOPTING REPORT AND RECOMMENDATION

On December 17, 2008, pro se plaintiff Gary P. Ferrell ("Ferrell"), an inmate at the North Central Regional Jail, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional right to be free from double jeopardy has been violated. The Court referred his Complaint to United States Magistrate Judge David J. Joel for an initial review and Report and Recommendation ("R&R") pursuant to LR PL P 83.01.

In his R&R, issued on February 26, 2009, Magistrate Judge Joel recommends that the Court grant the motion to dismiss filed by the defendant, Commissioner of the Department of Transportation - Division of Motor Vehicles, Joseph Cicchirillo ("Cicchirillo"). He additionally recommends that Ferrell's Motion to Proceed in forma pauperis and Motion to Appoint Counsel be denied as moot. Ferrell filed a timely objection on March 11, 2009. Following a de novo review, the Court **ADOPTS** Magistrate Judge Joel's R&R in its

1

**FERRELL v. CICCHIRILLO**                                              **1:08cv220**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

entirety, **GRANTS** Cicchirillo's Motion to Dismiss, **DISMISSES** Ferrell's Complaint, and **DENIES AS MOOT** Ferrell's Motion to Proceed in forma pauperis and Motion to Appoint Counsel.

## I. Background

Ferrell was arrested for Driving Under the Influence ("DUI") by the State of West Virginia on August 12, 2005, and consequently had his license suspended following an administrative proceeding. Dkt. No. 10, p. 2. No criminal charges were pursued at that time, but his license has remained suspended since February 24, 2006. Id. On July 24, 2007, Ferrell was arrested for "Driving While License Suspended for DUI" and for "Failure to Wear a Seatbelt." Thereafter, on October 14, 2008, he was convicted of both charges, sentenced to six months of imprisonment, and directed to pay court costs and various fines and fees. Id.

While incarcerated, Ferrell filed this suit against Cicchirillo, claiming that his second arrest and criminal conviction violated his constitutional right to be free from double jeopardy. As compensation, Ferrell sought damages in the amount of $250,000. Cicchirillo filed a Motion to Dismiss, arguing that license revocation proceedings are separate from the criminal prosecution of "Driving on a License Suspended or Revoked for DUI" and that the purpose of revoking a driver's license is public

safety, not criminal punishment. Alternately, Cicchirillo argues that Ferrell's claim is barred under the principles of res judicata.

## II. Magistrate Judge Joel's R&R

Magistrate Judge Joel, in his R&R, noted that the Constitution's prohibition on double jeopardy is designed to protect individuals against the imposition of multiple punishments for the same crime. R&R at 5. He found that, under <u>Brewer v. Kimel</u>, 256 F.3d 222 (4th Cir. 2001), the suspension of a driver's license is a civil, not criminal, matter and therefore Ferrell's constitutional right to be free from double jeopardy was not violated. R&R at 6. Magistrate Judge Joel further concluded that Ferrell's claim is barred by the principles of res judicata because the Circuit Court of Calhoun County had issued a final order affirming the Department of Motor Vehicles decision to revoke Ferrell's driver's license. Accordingly, he recommended that Cicchirillo's Motion to Dismiss be granted and Ferrell's Complaint be dismissed for failure to state a claim upon which relief can be granted, and that Ferrell's motion to proceed <u>in forma pauperis</u> and motion to appoint counsel be denied as moot. <u>Id.</u>

### III. Ferrell's Objections to the R&R

In response to this R&R, the parties were given ten (10) days to file written objections to any portion of the recommendation. Id.  Ferrell filed a timely response to the recommendation in the form of a letter claiming that he would be willing to "compromise" with the Court on the relief sought, asserting that he would forego the $250,000 in damages if the Court would "clean" his record and take care of any costs.

### IV. De Novo Review

Ferrell's proposition does not change the Magistrate Judge's conclusion that his constitutional rights were not violated. Moreover, under Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003), objections must be specific: "The failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review."  Id.  Because Ferrell's objection was not specific, he has waived his right to appellate review.

### V. Conclusion

For these reasons, the Court **ADOPTS** the Magistrate Judge's R&R (dkt. no. 13), **GRANTS** Cicchirillo's Motion to Dismiss (dkt. no. 10), **DENIES AS MOOT** Ferrell's Motion to Proceed in forma pauperis (dkt. no. 5) and Motion for Appointment of Counsel (dkt. no. 7),

**FERRELL v. CICCHIRILLO** 1:08cv220

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**DISMISSES** Ferrell's Complaint (dkt. no. 1), and **ORDERS** that the case be stricken from the Court's docket.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, by certified mail, return receipt requested.

DATE: May 26, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE